UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SHAWN DAMON BARTH,<br>    Plaintiff,<br>  v.<br>C.S.R. DOE-1, et al.,<br>    Defendants. | Case No. 21-cv-04363-WHO (PR)<br><br>**ORDER OF DISMISSAL**<br><br>Dkt. Nos. 2, 5 and 8 |

## INTRODUCTION

Plaintiff Shawn Damon Barth is barred from bringing this action *in forma pauperis* because he has filed at least three federal actions that were dismissed as frivolous, malicious, or on grounds that they failed to state a claim for relief. He was ordered to show cause why pauper status should not be barred, but he has not filed any proper response to the order. Accordingly, this federal civil rights action is DISMISSED without prejudice to Barth bringing his claims in a new paid complaint.

## BACKGROUND

Barth, a state prisoner and frequent litigant in federal court, filed this federal civil rights action under 42 U.S.C. § 1983 along with a motion to proceed *in forma pauperis* (IFP) under 28 U.S.C. § 1915. He was ordered to show cause why the action should not be dismissed under 28 U.S.C. § 1915(g), which provides that a prisoner may not bring a civil action IFP "if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical

injury." (Dkt. No. 4 at 1.) The Order identified three prior federal court actions ("strikes") that appeared to count under section 1915(g) and allowed plaintiff an opportunity to respond, as required by *Andrews v. King*, 398 F.3d 1113 (9th Cir. 2005). The Order also informed Barth he could avoid dismissal by paying the filing fee by the deadline.

The strikes identified were:

(**1**) *Barth v. Beard* (*Beard*), No. 2:16-cv-01469-DMG-RAO (C.D. Cal. Feb. 26, 2019) (complaint dismissed by a district judge upon the recommendation of a magistrate judge[1] because plaintiff failed to state a claim, and additionally, one of his four claims was barred on the face of the complaint by *Heck v. Humphrey* (*Heck*), 512 U.S. 477 (1994) (an individual bringing a claim under 42 U.S.C. § 1983 must base the pursuit of damages for an unconstitutional conviction on the reversal or invalidation of the conviction and two defendants were entitled to sovereign immunity on the face of the complaint), and two defendants were entitled to sovereign immunity on the face of the complaint);

(**2**) *Barth v. Kernan* (*Kernan*), No. 2:18-cv-04763-DMG-RAO (C.D. Cal. Sept. 10, 2018) (complaint dismissed with leave to amend because plaintiff failed to state a claim, one of his four claims was additionally *Heck*-barred on the face of the complaint, and defendants were entitled to sovereign immunity on the face of the complaint; ultimately dismissed because plaintiff failed to cure any defect upon amendment); and

(**3**) *Barth v. Muniz* (*Muniz*), No. 3:18-cv-01242-WHO (N.D. Cal. May 31, 2019) (amended complaint dismissed for failure to state a claim and because allegations were prolix; suit ultimately dismissed after plaintiff failed to cure any defect upon amendment).[2]

---

[1] That a magistrate judge, rather than a district judge, issued the order is of no moment. *See Hoffmann v. Pulido*, 928 F.3d 1147, 1150-51 (9th Cir. 2019) (holding that a dismissal without prejudice by a magistrate judge, issued before the defendant filed a consent to magistrate jurisdiction, is still a strike under the PLRA.)

[2] The Court's dismissal was upheld on appeal: "The district court did not abuse its

## DISCUSSION

Barth did not file any proper response to the Order to Show Cause.[3] He has not shown any reason that the restrictions of section 1915(g) should not be imposed: He has failed to (i) pay the filing fee; (ii) show that any of the strikes do not qualify under section 1915(g); (iii) show that he qualifies for the imminent danger exception; or (iv) otherwise show cause why this action should not be dismissed.

Barth's IFP application is DENIED. (Dkt. Nos. 2, 5 and 8.) This federal civil rights action will be dismissed.

## CONCLUSION

This federal civil rights action is DISMISSED without prejudice to Barth bringing his claims in a new paid complaint. His IFP motion is DENIED. (Dkt. Nos. 2, 5 and 8.) The Clerk shall terminate all pending motions, enter judgment in favor of defendants, and close the file.

**IT IS SO ORDERED.**

**Dated:** October 28, 2021



WILLIAM H. ORRICK
United States District Judge

---

discretion in dismissing Barth's action without prejudice because Barth failed to comply with the district court's orders to file an amended complaint that alleged a closely related set of claims, despite multiple warnings to comply with federal pleading and joinder requirements." *Barth v. Muniz*, No. 3:18-cv-01242-WHO, USCA Memorandum, Dkt. No. 29 at 2.)

[3] Rather than file a response that addressed the issues raised in the Order to Show Cause, Barth filed another IFP application, a notice regarding his latest IFP application, and exhibits to the complaint. (Dkt. Nos. 8, 9, and 10.) In no way do these filings constitute a proper response to the OSC.